NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10345 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00064-FMTG |
| v. | |
| FRANKLIN JOHN SALAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances M. Tydingco-Gatewood, Chief Judge, Presiding

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Franklin John Salas appeals from the district court's judgment and

challenges the 108-month sentence imposed following his guilty-plea conviction

for attempted possession of methamphetamine with intent to distribute, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Salas contends that his sentence is substantively unreasonable because the district court (i) double counted by applying a Guidelines enhancement for leadership and also justifying a high-end sentence for that same reason, (ii) used his negative drug tests, an ostensibly mitigating factor, as an aggravating factor, and (iii) used his failure to cooperate fully with the government as an aggravating factor. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. The record belies Salas's argument that the district court treated his negative drug tests as an aggravating factor. Moreover, the district court properly considered Salas's leadership role and lack of cooperation. *See* 18 U.S.C. § 3553(a); *United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (district court may weigh factors already accounted for in the Guidelines calculation when selecting the sentence under section 3553(a)).

**AFFIRMED.**